And may it please the court, again Elizabeth Daly on behalf of Alan Shelby. So this case involves similar issues, but I think it's simpler in some respects because we don't have the 3559C issues, we don't have any prior burglary offenses, and the district court, looking at essentially identical record, rejected the Geosis arguments in this case, but not in Van Hooser. So here we're boiling it down to really whether this defendant's convictions qualify as district court said, I can't exclude the possibility the residual cause was relied on. So I'm going to, I will move to the merits. In the other case, the district court said, I'm not, I think the residual cause wasn't relied on, but I'm going to move to the merits anyway in case the court of appeals doesn't agree. Correct. And both cases had essentially identical records. So starting with the most straightforward path again, I think is this Mathis error, the blatant error in applying the modified categorical approach in this case in particular. By the way, I don't think there could ever be blatant error in applying the modified categorical approach, since none of us completely understand it. Point well taken. If there were one, this would be it. And I think it's telling that this was not an issue raised in the district court, that there was no contention that Mr. Shelby was ever convicted under anything other than the first degree under the 1A committing robbery and being armed provision, which state law says requires mere possession of a gun. And this is an issue that comes up in both cases, so let me pose it here so that your friend can respond to it. At worst, in both cases, the indictment or the charging papers are conjunctively worded. Correct. If they are conjunctively worded, what do we do? If they're conjunctively worded, then the offense is not a violent felony. Because the only argument is that it's a violent felony under sub A? Right, because the statute as a whole is overbroad, because it includes 1A. So if 1A is not, to put it differently, if 1A is not a violent felony, then if it's conjunctively worded, we don't have to get to whether 1B is a violent felony. Correct. Yes, I think both cases should hinge on this 1A committing robbery and being armed. So I understand that in the Shelby case, your argument is the charging papers really are only under 1A. Yes, yes. There's no non-elemental factual allegations in this charging document. It's simple. It says, you know, it tracks the elements of robbery 3, and then it says, and was armed. So as to 1A, have we ever addressed whether 1A is a violent crime? No. We've addressed in Strickland whether the base crime is violent, and we've said no. But we have no prior case law on whether 1A is a violent crime. No. And just the Parnell and the Molinar cases that say a non-violent robbery plus armed provision don't equal a violent felony. Right. And interpreting other states' laws. Correct. And so the government raises an argument that it's different in Oregon because something more than just being armed is required. I would submit that the plain text of the statute combined with the binding Zimmerman opinion in the state courts tell us that that's not how Oregon State interprets its own law. Is Zimmerman a court of appeals opinion or a Supreme Court opinion? Zimmerman is a court of appeals opinion. So it's persuasive, but not binding, is it? I believe it is binding on this Court as far as what it tells you about State law. Oregon law? Oregon law, yes. Why? Because this Court has to defer to what the law is in Oregon, and especially under the categorical approach. Don't we have to defer? Isn't it like a diversity case? We're trying to figure out what the Supreme Court of Oregon would decide. I don't see any contrary indication of how the Supreme Court of Oregon would treat it, but are we required to say that a court of appeals decision is the law of Oregon? Yes, if the Court, unless the Court finds a contrary indication. The Court does defer. There's a case arising out of Arizona, prior conviction. I'm blanking on the name that says after the Johnson 1 ruling, the federal courts do defer to the Supreme Court. I'm not sure it's an issue of interest to civil procedure freaks like me, but I'm not sure there's any contrary indication in Oregon law anyway. Even if we didn't have Zimmerman, the statutory text is clear. There's never been any case indicating it otherwise. So what we have is the indictment that says well armed, and then we have a sentencing order that says he was first degree charged in the indictment. So now on appeal, so that was what the district court considered. The district court somehow got to the 1B section. Now on appeal, the government takes a different tack, and they say that Mr. Shelby was actually convicted under the state gun minimum statute, which if true, that enhancement requires the use or threatened use of a firearm. But we have three responses for why the court should reject that contention. First, the court should deem it waived, because this is an issue that's a fairly radical change in position from what the government argued in the district court. There has been no explanation of why the government has changed its position. There's every indication that the government chose not to raise this issue below, because the same conviction record documents were in the record. There's been no intervening change in the law, no new facts, and the government in fact had repeated opportunities. They first defended on procedural grounds, and then when prompted, they raised substantive defenses in the district court, and at no point did they raise this issue. So our first position is that it should be deemed waived. Yes, I believe so. The second position is that the conviction records do not support it, because as I already noted, here the indictment and the sentencing order define a singular crime of robbery in the first degree while armed, and the sentencing order specifically says that Mr. Shelby pleaded guilty to that offense. It's described as robbery one, not robbery one with a firearm. There's no indication that he did not have a firearm in his conviction record. What there is, is a reference to the statute, 161.610, stating that the judge imposes an additional five-year term. But the unique aspect under that statute, this case fell in an intermediate position between the time when the sentencing statute, 161.610, treated the firearm minimum as a sentencing factor. So the statute, in effect, when Mr. Shelby was convicted, said that the firearm enhancement could be raised by the state after conviction, after a person has pleaded guilty or been adjudicated by a jury trial, and it can be found by the judge. So there's no right to charging. There's no right to a jury trial. It's simply not an element under the statute. So in light of that, the State Supreme Court, after Mr. Shelby's offenses were committed, but before he was convicted, issued an opinion and wedge saying that this needs to be treated as an element, no matter what the statute says, because it goes to the offense conduct and it, in essence, creates an aggravated offense. But in effect, what you're trying to do here is apply apprendi or some variant of it retroactively, aren't you? You're saying that even if the Court made the finding that there was an enhancement under the gun minimum statute, that doesn't count because this wasn't technically treated as an element of the offense at the time. This is an argument under Mathis about what constitutes the violent felony. I understand. And now we know that this is an element of the, in effect, the enhanced offense. I think what we're raising is simpler than that, that he's charged with offense A, robbery in the first degree, non-aggravated. He pleads guilty to offense A, robbery, non-aggravated, and the judge imposes sentence potentially for a gun minimum. There are other possibilities from this record, like that there was some sort of typographical error in the judgment. There could have been maybe an intervening charging document. Isn't the easier argument for you that the enhancement before apprendi could be imposed by the district, by the trial court, by a preponderance of the evidence? It simply wasn't an element. And therefore, there's no, this doesn't establish beyond a reasonable doubt that that element occurred. Yes, and I think that for all of those reasons, yes, because it's not an element and because we can't tell from the disconnect between the indictment and the judgment that this is actually what the jury necessarily would have found him guilty of, that's the standard under Mathis for what constitutes a violent felony, and we don't have it here. So with the court's permission, may I reserve my remaining time? Yes. May it please the court, Suzanne Miles for the United States. So I'll pick up just on that issue right now. So looking at the sentencing documents, what we have here is clear state law at play at the time of his sentence. Right, but was it an element of the offense? It was. Was it? See, it was a sentencing factor at the time because the Supreme Court hadn't sorted out this stuff, and I think a judge would be entitled to impose it on his own finding on a preponderance of the evidence, would he not? No. Why not? Because the state Supreme Court issued wedge in 1982, and defendant was sentenced in 1983. Wedge was an apprendi decision. What it said was that this element is an element of a crime that has to be either found beyond a reasonable doubt by the jury or admitted by the defendant at his plea and sentencing. And so that state judgment was already in place. Now, the legislature didn't pick it up and change the actual statute until 1985, but that Supreme Court decision was in place in 1982, a full year before the defendant was sentenced. And this is an argument you never made to the district judge, correct? We did not. So if we were to say you waived it, but you could raise it on resentencing, the district judge could sort it out, correct? That's one way to do it, or this court can look at it now. Under the court's ruling in Adkins, this court can affirm on any grounds supported by the record if it's a purely legal issue. And all of these records were in front of the district court. Well, why didn't you make the argument earlier at any other number of opportunities that you had? Your Honor, I don't have a good reason for why it wasn't raised before. What I can tell you is that it is a legal issue, and the record is fully in front of the district court. And in fact, the district court looked at this issue. Yeah, but you can't tell. You didn't argue it to the court, and you can't ask us to believe the court relied on it. I'm not saying that the court relied on an argument we didn't make. And you can't fault the district court for not ruling on it. I'm not. I'm trying to explain what the district court did. Yeah, but normally we might not impose waiver where it had some consequence to the government. But in this case, your friend says, look, you want to raise it on remand, feel free. I'm not arguing you can't. I think you probably can. There would be a resentencing. So I must tell you, I'd be reluctant to take up a waived argument that you have the perfect ability to re-raise on resentencing just because it's another way to affirm with all the questions that everybody else raises about this. So why don't you get to the merits of it? Absolutely. And we don't even need to get to the 1A and 1B issue, because we can get back to the core Robbery 3 discussion that we were having before. And that is that Stoeckling does overturn this decision, this court's decision in Strickland. So Stoeckling, what Stoeckling held is that Johnson 1's definition of force is applicable, was developed in the context of battery, but is not applicable in the context of robbery. Instead... Stoeckling says that force, violent force for purposes of the ACCA can be, in effect, nonviolent force sufficient to overcome resistance. Strickland rests on a Oregon case which says you can commit robbery even if you're not overcoming resistance by sort of running by and snatching something away from someone. That seems broader. So tell us why that still doesn't survive. And if I can just add, Stoeckling involved a Florida statute, I believe. It did. And so there doesn't seem to be a parallel Oregon case requiring that level of force to be convicted of Robbery 3. So I'm just trying to figure out why then Stoeckling is clearly irreconcilable to Strickland. So let me answer that last part first. So Stoeckling is clearly irreconcilable with Strickland because Strickland just applied the wrong definition. Now we can get to the application of the right definition to Johnson, but Strickland... I mean, how many cases can be called Johnson? I'm sorry. But through the Johnson 1 definition of force applicable to battery. And what Stoeckling says is we don't actually apply the Johnson 1 battery definition of force to robbery. We apply a different definition. But it has to be clearly irreconcilable. So it's not just that we can criticize their reasoning, but we have to look at the eventual judgment, which says one reason that Oregon robbery is broader than generic robbery is because it can be done without any violence at all. And that does require us to look at Oregon's Johnson case, at Oregon robbery, through Stoeckling's definition. And Stoeckling's definition is not just that you need force sufficient to overcome resistance. It also says that it's the potentiality of injury that's at play here. So you don't have to have an actual injury you need force sufficient to create the potentiality for injury. And that's, I mean, I admit that Johnson 1, or I'm sorry, that Oregon Johnson, this is... that Oregon Johnson is definitely on the bubble. It's the lowest watermark for Oregon robbery, but it still fits that Stoeckling definition. Because here's what we had in Oregon Johnson. We had an elderly woman standing at her door with her purse on her shoulder, and the defendant came up behind her and ran and swiped the purse off her shoulder as she felt it fall, but before she had the ability to grab at it, he was already down the block with her purse. And so what Oregon requires, and this is important, Oregon has always held, it held this in its Johnson case, in the Williams case that Strickland looked at as well, it says that we do not have a per se rule in Oregon that purse snatching is violent. What we have is a definition of robbery that requires the jury to find that the defendant acted with the intent of using sufficient force to prevent or overcome the resistance of the defendant. So we have to look at these purse snatching cases case by case. And what it said is because the defendant came up behind the woman, used enough force to get down the block before she was able to even reach for it, there was enough intent and enough force. And you can look at that through this lens with the potentiality for injury. He lucked out, the defendant lucked out that the woman's arm happened to be straight. If her arm had been crooked, that purse would have snagged on her arm, and we would have had exactly the heartland cases that Stokeland was talking about, where we have resistance. But somebody's carrying their cell phone, and somebody comes by and takes their cell phone, just grabs their cell phone. Where does that fall in this? So a lot of the states, especially a lot of the circuits looking at these cases post-Stokeland are saying that there is a difference between taking something that's attached to the person's body and taking something that's not attached. Well, if it's on my hand, how is that different from hanging from my hand? And it depends. So there are cases, for example, in Stokeland, if you have to pry the fingers away and take the phone out of your hand, that very well may be enough for Stokeland. If all you're doing is gently slipping the phone away while you're concentrating on something else, Stokeland would say that's not. But is that enough for Oregon robbery? For Oregon robbery, what we would look at is whether... No, I was trying to ask a very specific question. If the phone is just, I'm looking at my phone with it like this, I'm not holding it, and somebody comes by and takes it, is that Oregon robbery? I don't think that that's force sufficient to prevent or overcome resistance. See, and here's my problem. Your argument makes a lot of sense. But we have a prior case, and the question is not whether the prior case's reasoning is undermined, but whether that prior case is clearly irreconcilable with Stokeland. And now that you've gone through five minutes of telling me why it should come out differently, it makes it hard for me to believe that it's clearly irreconcilable. So that's where I want to get back to my first point. I mean, if we can even just step back to the language that we use in law school, right? A case has a rule, an application of the rule, and a holding. And so in Strickland, the problem that we have is it applied the wrong rule. It applied the wrong rule. Stokeland has redefined the rule for robbery. But focus on the thing that you put at the bottom, which is the holding. The holding of Stokeland. Strickland holds that Oregon robbery, third degree, is not a violent crime. That's its holding. And it says so because it can be accomplished in the way that Johnson says. Is it clearly irreconcilable with Stokeland? Or is it just if we applied, if we were starting all over again and applied Stokeland, we would probably come to a different result? I think because this Court used the wrong standard in coming to that holding, it is irreconcilable with Stokeland. Stokeland changed the standard, the legal standard against which facts must be looked at. What if under the Stokeland standard, we would reach the same conclusion? In other words, would we be compelled to that conclusion under Stokeland? You're not compelled to that conclusion. If we're not compelled to that conclusion under Stokeland, then the holding in Strickland is not clearly irreconcilable with Stokeland. I disagree. I think that Strickland needs to be reopened and reexamined with the correct Stokeland standard against Oregon robbery. What's your best authority for that? I think the cases that we have cited in the 28J letter show that They're from other States that involve different statutes and don't involve a court with a, that has to overrule a prior, a three-judge panel that has to overrule a prior holding. So, Your Honor, if I may, the best case that I have is the fact that the other circuits around the country are reexamining and reopening their pre-Stokeland decisions on this very basis. And we submitted a 28J. Thank you. I'll give you one minute. Thank you, Your Honor. Under the Miller v. Gammey standard, the court looks at the holding and the reasoning combined, not the rule. The reasoning of Strickland is fully reinforced by Stokeland because Stokeland said that Walker case, where something was taken out of the hand in Goldsmith and where a necklace was removed from the neck in Walker, were not violent under the armed criminal act. Would they be violent? Would they be robbery in Oregon? They would meet the force element for robbery in Oregon. Robbery's force element has two components. It has the actual or threatened use of force, and it also has the intent to prevent or overcome resistance. Johnson State v. Johnson held that any degree of nonviolent force meets the first part, so long as the jury finds that it was employed with the intent to overcome or prevent resistance. And that's how acting swiftly could do, could overcome or could prevent, either or. Ms. Miles said that Strickland was wrongly decided. What's your response to that? The reasoning in Strickland and the holding are correct. And because, I'm sorry, under Johnson, Johnson won, and Stokeland reaffirmed Johnson won, and the reasoning and holding of Strickland remained consistent with Stokeland. You don't have to convince us they're correct, do you? You just have to convince us that they're not clearly irreconcilable. We might end up in front of 11 of us later and have to argue whether they're correct. I'll hope that doesn't happen. But yes, the fact that it might come out a different way, which it shouldn't, is not enough to overrule Strickland. Thank you both for your arguments here today. They're very helpful. So the case of United States v. Alan Lawrence Shelby is now also submitted. Thank you both.
judges: Murguia, Hurwitz, Zipps